

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00427-CR

CHARLES EDWARD WILKINSON                                    APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Charles Edward Wilkinson appeals his conviction for injury to an elderly individual. We will affirm.

One night in July 2010, Wilkinson and his mother, Diana Vandiver, were having a conversation when Wilkinson became agitated and, cussing, raised his voice at her. Wilkinson's stepfather, sixty-nine-year-old Johnnie Vandiver, had

----

[1]See Tex. R. App. P. 47.4.

been sleeping in a nearby room but was awakened by the noise and went to where Wilkinson and Diana were. Standing three to four feet from Wilkinson, Vandiver told him not to talk to his mother "like that." Wilkinson then stood up; struck Vandiver on the side of his head, knocking him to the floor; and hit him two or three more times. A police officer observed blood on Vandiver's shirt, a laceration on his ear, swelling on his face, and cuts on his hand.

At trial, Wilkinson elicited evidence that when he was younger, Vandiver regularly whipped him with a belt—oftentimes on his exposed buttocks and sometimes severely. James Womack, a licensed psychologist, interviewed Wilkinson and opined that his history with Vandiver caused him to experience "learned helplessness" at the time of the incident. According to Dr. Womack,

> Individuals who are put into a situation where they are . . . subject to severe negative experiences, and they cannot escape those experiences, develop a passivity or a resignation to the abuse.
>
> . . . [T]hey can become very, very unpredictable. In that they become oftentimes rather passive and retiring, and non-asserting until a point is reached where they've had enough. And they either speak or act out of character.
>
> . . . .
>
> So I'm saying that his history, his response to that history, and what we know about learned helplessness, I . . . feel like put him at a high risk to either misinterpret what was going on that night; and/or misinterpret it and then overreact, based upon the information that I have.

Dr. Womack confirmed, however, that learned helplessness is not a disorder; "it's a dynamic that plays a role in the development of depression, and it's only part of

2

the picture."  The State called a rebuttal witness, Barry Norman, a psychologist, who likewise opined that learned helplessness is merely "a theory of . . . how or why people think and behave a certain way."  A jury convicted Wilkinson of injury to an elderly individual and assessed his punishment at twenty years' confinement and a $7,500 fine.

In his only issue, Wilkinson argues that the evidence is insufficient to support his conviction.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011).

A person commits injury to an elderly individual when the person intentionally or knowingly, by act, causes an elderly individual bodily injury.  Tex. Penal Code Ann. § 22.04(a)(3) (West Supp. 2013).  An "elderly individual" means a person sixty-five years of age or older, and "bodily injury" means "physical pain,

3

illness, or any impairment of physical condition." *Id.* § 1.07(8) (West Supp. 2013), § 22.04(c)(2).

"A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." Tex. Penal Code Ann. § 6.03(a) (West 2011). "A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." *Id.* § 6.03(b).

Here, both Vandiver and Diana testified that Wilkinson struck Vandiver on his head. Diana described the strikes as "hard," "solid punches," and Vandiver, who was sixty-nine years old, said that they caused him pain.

Wilkinson argues that he did not intentionally or knowingly cause Vandiver bodily injury because he suffered from learned helplessness. But as the factfinder, the jury was free to reject Dr. Womack's testimony, which merely offered a potential psychological explanation for Wilkinson's objectively intentional or knowing conduct. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. Wilkinson also argues that the State did not offer any evidence of his mental state, but as alluded to, a culpable mental state may be inferred from circumstantial evidence such as acts, words, and conduct of the defendant and surrounding circumstances, *see Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004), and the jury could have inferred from the evidence that Wilkinson intentionally or knowingly assaulted Vandiver.

4

Wilkinson also challenges the jury's implied rejection of his self-defense claim, arguing that in light of his learned helplessness, the threat of Vandiver "coming within three or four feet of [him] caused [him] to fear the abuse was happening again." However, as explained already, the jury was free to reject Dr. Womack's testimony, and it additionally could have concluded—based on the uncontroverted evidence that Vandiver merely told Wilkinson not to talk to his mother like he was—that Wilkinson did not reasonably believe that force was immediately necessary to protect himself from Vandiver's words. *See* Tex. Penal Code Ann. § 9.31(a) (West 2011).

We hold that the evidence is sufficient to support Wilkinson's conviction. Accordingly, we overrule his only issue and affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 9, 2014

5